979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Betty SHANKLIN, Plaintiff-Appellant,
v.
CITY OF PASADENA; Philip Hawkey; June Callahan; Dorothy
Kirkland, Defendants-Appellees.
 No. 92-55310.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 12, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Betty Shanklin appeals pro se the district court's dismissal of her 42 U.S.C. § 1983 action. The district court determined that Shanklin's action was barred by the statute of limitations. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal of a section 1983 claim on statute of limitations grounds. Donoghue v. Orange County, 848 F.2d 926, 929 (9th Cir.1987).
 
 
 4
 Barring exceptional circumstances, we will not consider arguments not raised before the district court. In Re Professional Inv. Properties of Am., 955 F.2d 623, 625 (9th Cir.1992), cert. denied, 60 U.S.L.W. 3816 (U.S. Oct. 5, 1992) (No. 91-1847). We have recognized the following exceptional circumstances: (1) the prevention of a miscarriage of justice; (2) a change in the law that gives rise to a new issue while an appeal is pending; and (3) a purely legal issue that either does not depend on the factual record or has a fully developed factual record. Id.
 
 
 5
 On November 14, 1991, Shanklin filed a 42 U.S.C. § 1983 civil rights action against the City of Pasadena and three of its employees in which she alleged employment discrimination on the basis of race and gender. In an initial recommendation, the presiding magistrate judge recommended dismissal on statute of limitations grounds because Shanklin's filing date exceeded the one-year statute of limitations by more than four and one half years. The magistrate judge found that the alleged discriminatory act occurred on April 15, 1986, and therefore, Shanklin should have filed her complaint by April 15, 1987. Shanklin objected to the recommendation, arguing that the statute of limitations is tolled in California while administrative actions are pending. She argued that she litigated her administrative actions from May 28, 1986 until November 14, 1990, and therefore, the filing of her action on November 14, 1991 was exactly within the one-year statute of limitations. Nevertheless, the district court held that even assuming that Shanklin was correct, the period of 41 days from April 15, 1986 to May 28, 1986 must also be included in the non-tolled time, and dismissed her claim.
 
 
 6
 For the first time on appeal, Shanklin argues that an additional 54 days be included in the tolled time, thereby bringing her claim within the statute of limitations. She claims that her petition for a writ of mandate, filed with the California Superior Court on July 26, 1991 and denied on September 18, 1991, served to toll the statute of limitations for her section 1983 action. Shanklin was aware of the filing of the writ when the magistrate judge made the initial recommendation, yet she failed to include it in her objection. She does not give a reason for her oversight.
 
 
 7
 Shanklin's situation does not present exceptional circumstances that warrant review of an argument she failed to raise before the district court. See In Re Professional Inv. Properties of Am., 955 F.2d at 625. Accordingly, we decline to review what effect, if any, the petition for writ of mandate might have had on the statute of limitations for the 42 U.S.C. § 1983 action. The district court properly dismissed Shanklin's action.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3